```
              UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                    WESTERN DIVISION
```

DOYLE MARTIN                                               PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:06cv26-DCB-JMR

WARING INVESTMENTS, INC. f/k/a
WARING OIL COMPANY, WARING OIL
COMPANY, LLC, and PAT HURST,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS SUPERVISOR                                     DEFENDANTS

## ORDER

This matter comes before the Court on its own Motion. Currently pending before the Court is the defendants' Motion for Summary Judgment. In their Memorandum Brief in support of their Motion, the defendants argue, inter alia, that the plaintiff has failed to establish a prima facie case of race, sex, and age discrimination. Only in their Reply Memorandum to the plaintiff's Response Memorandum do the defendants articulate a legitimate, non-discriminatory reason for the termination decision at issue herein. The plaintiff has not responded in any way to the defendants' Reply Memorandum.

The Court has preliminarily determined that the plaintiff has set forth a prima facie case of sex, race, and age discrimination, and that the defendants have articulated a legitimate, nondiscriminatory reason for the plaintiff's termination. However, in order to fully address the Motion before the Court under the McDonnell Douglas analytical framework, more briefing is needed

from the plaintiff.  Specifically, the plaintiff should come forward with admissible evidence addressing whether the defendants' proffered legitimate, nondiscriminatory reason for its employment decision, i.e. the "unexplained money shortage," (1) is not true but is instead a pretext for discrimination, or (2) while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic.  <u>Alvarado v. Texas Rangers</u>, 492 F.3d 605, 611 (5th Cir. 2007).

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff shall address the issue identified by the Court (and <u>only</u> that issue) herein within fifteen (15) days from the entry of this Order.  The defendants shall have five (5) days from the date the plaintiff's supplemental brief is filed to respond to the same.

**SO ORDERED,** this the  23rd  day of April 2008.

                                         s/ David Bramlette
                                  **UNITED STATES DISTRICT JUDGE**